IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                         Case Nos.:    3:13cr5/LAC/EMT
                                                           3:14cv295/LAC/EMT

ALFRED LEWIS PATTERSON, JR.

---

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's "Amended Motion to Correct Sentence under 28 U.S.C. § 2255" (ECF No. 56). The Government filed a response (ECF No. 61), and Defendant filed a reply (ECF No. 64). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## PROCEDURAL BACKGROUND

Defendant was charged in a single-count indictment with possession of a firearm by a convicted felon in violation of §§ 922(g)(1) and 924(e) (ECF No. 1). He pleaded guilty before United States Magistrate Judge Charles Kahn after having been advised that he faced a mandatory minimum term of 15-years imprisonment (ECF Nos. 21, 23; ECF No. 36 at 22–23).

Defendant's Presentence Investigation Report ("PSR") determined his total offense level to be 31 based on his status as an armed career criminal (ECF No. 27, PSR ¶¶ 27–30). His criminal history score would have been III but for the armed career criminal designation, which resulted in a criminal history category of VI (ECF No. 27, PSR ¶¶ 55–56). The applicable guidelines range was 188 to 235 months. (ECF No. 27, PSR at ¶ 90). At sentencing, counsel withdrew her objection to the application of the Armed Career Criminal Act ("ACCA") enhancement, but noted that without this enhancement the applicable guidelines range would have been only 46 to 57 months (ECF No. 37 at 32). She thus urged the court to sentence Defendant at the low end of the guidelines range (ECF No. 37 at 35–36). The court

sentenced Defendant to a term of 192-months imprisonment followed by five years of supervised release (ECF Nos. 29, 37).

Defendant did not appeal, but he timely filed a pro se motion to vacate pursuant to 28 U.S.C. § 2255 in June of 2014. While that motion was pending, the Supreme Court invalidated the residual clause of the ACCA in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Although Defendant's § 2255 motion had already been fully briefed (*see* ECF Nos. 40, 44), the court appointed the Office of the Federal Public Defender to represent Defendant for the limited purpose of determining whether he was due any sentencing relief under *Johnson* (ECF No. 51). An attorney from that office, Megan Saillant, Esq., filed the amended § 2255 motion which is currently before the court. Defendant contends that in light of *Johnson*, he should be resentenced without the career offender enhancement. The Government opposes the motion.

## ANALYSIS

Pursuant to the Armed Career Criminal Act, a person who has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a

mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the elements clause*] or
(ii) is burglary, arson, or extortion, involves the use of explosives [*known as the enumerated offenses clause*] or otherwise involves conduct that presents a serious potential risk of physical injury to another [*known as the residual clause*].

18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. As previously noted, Defendant was sentenced to a term of 192 months imprisonment. Absent the application of the ACCA enhancement, he would have faced a maximum sentence of ten-years imprisonment. *See* 18 U.S.C. § 924(a)(2).

As also noted above, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.

The three convictions which provided the basis for Defendant's ACCA enhancement were not specified in the PSR. Defendant's criminal history included

Case Nos.: 3:13cr5/LAC/EMT; 3:14cv295/LAC/EMT

convictions for resisting arrest with violence, throwing a deadly missile, sale of cocaine, and felony battery (ECF No. 27, PSR ¶¶ 35, 37, 38, 47). Defendant now contends that neither throwing a deadly missile nor felony battery are proper ACCA predicates. Only one of these two offenses is required to support the ACCA enhancement.

In its response to the draft PSR, the Government took the position that Defendant's prior felony battery conviction qualified as a crime of violence under the residual clause (ECF No. 26 at 3). Defendant maintains that the Government cannot presently claim that the offense qualifies under a different ACCA clause now that the residual clause has been abolished. *Johnson v. United States*, 559 U.S. 133, 145 (2010) (declining to remand a case for consideration of whether a prior conviction qualified as an ACCA predicate under a different clause than that originally relied upon by the Government) ("*Curtis Johnson*"). The Government's statement, however, is not proof of how the court itself viewed the conviction. In light of counsel's abandonment of her objection to the application of the ACCA enhancement, the court was not called upon to make, and did not make, specific findings in this regard.

Alternatively, Defendant asserts that his felony battery conviction pursuant to section 784.03(2), Florida Statutes, cannot qualify as an ACCA predicate under the force/elements clause. The statute, he argues, covers several different acts, some of which may require force, and some of which do not.

Section 784.03, Florida Statutes provides as follows:

(1)(a) The offense of battery occurs when a person:
1. Actually and intentionally touches or strikes another person against the will of the other; or
2. Intentionally causes bodily harm to another person.
(b) except as provided in subsection (2), a person who commits battery commits a misdemeanor of the first degree…
(2) A person who has one prior conviction for battery, aggravated battery, or felony battery and who commits any second or subsequent battery commits a felony of the third degree…

§ 784.03, Florida Statutes. Defendant asserts that the statute is indivisible, and as such that the modified categorical approach cannot be used to analyze a conviction thereunder. He takes the position that regardless of what the *Shepard* documents may say, or what facts are set forth in the PSR, "a Florida conviction for felony battery based on a prior offense does not count as a 'violent felony' for purposes of the ACCA" (ECF No. 56 at 11). The Eleventh Circuit has ruled otherwise.

One month after Defendant filed his reply, the Eleventh Circuit considered, on direct appeal, whether a Florida conviction for felony battery was a "violent felony" that qualified as an ACCA predicate. *United States v. Green*, 842 F.3d 1299 (11th Cir. 2016). The defendant in *Green* had two underlying felony battery convictions, one arising under Fla. Stat. § 784.03 and another under Fla. Stat. § 784.041. *Green*, 842 F.3d at 1321. Only one of these two prior convictions needed to qualify as an ACCA predicate for the enhancement to apply to defendant Green. The court discussed both although only the analysis of the former conviction is instructive here.

After the demise of the residual clause, in order for a Florida felony battery conviction to count as an ACCA predicate, it must satisfy the elements clause which requires that it have "as an element the use, attempted use, or threatened use of physical force against the person of another." *Green*, 842 F.3d at 1321 (citing 18 U.S.C. § 924(e)(2)(B)(i)). The *Green* court acknowledged the Supreme Court's holding in *Curtis Johnson* that battery under § 784.03, Fla. Stat., does not categorically satisfy the ACCA's elements clause because it can be accomplished by any intentional touching, no matter how slight. *Curtis Johnson*, 559 U.S. at 138.

The *Curtis Johnson* decision, however, left open the possibility that if *Shepard*[1] documents are available, the court may be able to determine under which version of the statutory elements a defendant was convicted. *Green* 842 F. 3d at 1322 (citing *Curtis Johnson*, 559 U.S. at 137 (applying the categorical approach and looking to the "least of the [] acts" because *Shepard* documents were not available")). The prosecution may obtain a conviction under § 784.03, Florida Statutes, in one of three ways. It may show that the defendant intentionally caused bodily harm, or that he intentionally struck the victim, or that he actually and intentionally touched the victim. *Green* 842 F. 3d at 1322 (citing *Curtis Johnson*, 559 U.S. at 136–37). If *Shepard* documents reveal that a defendant was convicted under the "striking" element, the offense counts as an ACCA predicate. *Green*, 842 F.3d at 1322 (citing *Shepard*, 544 U.S. at 26). The *Shepard* documents are limited to "the terms of the charging document, the terms of a plea agreement or transcript of a colloquy between the judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.*

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

Case Nos.: 3:13cr5/LAC/EMT; 3:14cv295/LAC/EMT

In *Green*, the Government produced the charging document, the judgment of conviction, and a sentencing recommendation containing defendant's written plea agreement to the § 784.03 battery. *Green*, 842 F.3d at 1322. The appellate court observed that neither the statutory basis nor the charging document was instructive. The sentencing recommendation, however, incorporated an arrest form indicating that defendant Green "struck" another against his will as part of the factual basis for the plea. *Green,* 842 F.3d at 1323. The recommendation also reflected, via a checked box, that defendant Green agreed to the inclusion of this arrest report as the factual basis for the plea. The arrest report clearly described the incident leading to Green's arrest as violent, noting that he hit the victim in the face and continued to hit him, conduct that undoubtedly exceeded the scope of an intentional unwanted touching. *Id.* The available *Shepard* documents established that defendant Green was convicted under the "striking" element of § 784.03, rather than the "actually and intentionally" touching element. The court thus concluded, applying the modified categorical approach, that Green's Florida conviction for felony battery under § 784.03 was a violent felony under ACCA's elements clause. The same conclusion can be reached in the case at bar.

At Defendant Patterson's sentencing, the Government introduced documentary evidence pertaining to his prior convictions through the testimony of Agent George Bruno, of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ECF No. 37 at 4-12). As to Defendant's felony battery conviction, the Government presented Exhibits 3A through 3E, which were certified copies of the docket sheet, the charging document, the sentencing recommendation/plea agreement, the judgment, and the offense report, respectively (ECF No. 37 at 8–9). The state court sentencing recommendation, which was exhibit 3C, contained, as the factual basis, the following:

> The arrest report or offense report or probable cause affidavit, which is a part of the court record filed with the clerk of the court is hereby incorporated by reference and agreed to by the Defendant as a factual basis for this plea and/or the factual basis is as follows:

(ECF No. 37 at 10). Agent Bruno continued to read from the sentencing recommendation that:

> On February 18th, 2007 the Defendant was seen stealing a carton by the victim at the store where the victim works. When the victim told the Defendant that he could not take the cigarettes, he threw the cigarettes back and punched the victim in the face, busting her lip.

Case Nos.: 3:13cr5/LAC/EMT; 3:14cv295/LAC/EMT

(ECF No. 37 at 11). The document was signed by Defendant and filed with the state clerk of court (*id.*). Exhibit 3E was described as a copy of the offense report or a copy of the probable cause for the warrant that was incorporated into the sentencing recommendation (*see* ECF No. 37 at 10, 11). Agent Bruno testified that his reason for obtaining the document was because it was incorporated into the factual basis for the plea (ECF No. 37 at 11). The offense report was consistent with the information as summarized in the factual basis, but contained more details. It stated:

> Ly [the victim] stated that at the time Rudy [Defendant] threw the cigarette carton back into the bed of her beer truck and immediately with closed fist punched her in the face. Ly stated after punching her Rudy ran to a red car and took off. I observed Ly's top lip and on the right side to be bleeding and swollen. Ly refused EMS. Ly further stated that Rudy frequents the store on a daily basis. Ly also advised she was fearful of Rudy because he is known to carry a handgun.

(ECF No. 37 at 12).

Thus, in accordance with the Eleventh Circuit's opinion in *Green*, the available *Shepard* documents establish that Defendant's battery conviction arose under the "striking" element of § 784.03, rather than the "actually and intentionally" touching element. This conviction was thus a violent felony under the elements

clause and, when considered along with his convictions for sale of cocaine and resisting arrest with violence, was his third ACCA predicate.[2] Defendant is not entitled to relief on his § 2255 motion, and the motion should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

---

2 In light of this conclusion, the court need not address Defendant's contention regarding his prior conviction for throwing a deadly missile.

Case Nos.: 3:13cr5/LAC/EMT; 3:14cv295/LAC/EMT

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. Defendant's "Amended Motion to Correct Sentence under 28 U.S.C. § 2255" (ECF No. 56) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5th day of June 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:13cr5/LAC/EMT; 3:14cv295/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:13cr5/LAC/EMT; 3:14cv295/LAC/EMT